BOLIN, Judge.
Mrs. Lucille Hamm instituted suit to recover damages allegedly occasioned by the illegal action of defendant in taking certain items of furniture belonging to plaintiff from her home at 1053 College Street in Shreveport. Defendant, Sales Financing, Inc., brought a third party demand against Margaret Morehead claiming that she was responsible for, and therefore liable for, its having taken furniture belonging to Mrs. Hamm. The lower court awarded damages against the defendant and in favor of plaintiff in the amount of $1500 and rejected defendant’s third party demand against Mrs. Morehead. From this judgment defendant appeals and plaintiff answers the appeal seeking to have the award increased to $2200.
This suit had its genesis in a series of events the statement of which will be *481 limited to those necessary for a determination of the issue presented.
The plaintiff, Mrs. Hamm, her daughter, Margaret Morehead, and the latter’s children lived together at the home of the plaintiff at 1053 College Street. On February 14, 1962, Mrs. Morehead executed a note to Sales Financing Inc., as evidence of a cash loan of $792. As security for this note Mrs. Morehead executed a chattel mortgage on her household furniture which was described in some detail. The note contained the usual acceleration clause in the event of nonpayment and confession of judgment and waiver of demand and presentment for payment. Ultimately, on January 27, 1964, suit was filed on the note to recover the balance due of $289.30; judgment was obtained and a writ of fieri facias was issued.
Under the writ the deputy marshal seized the property but allowed it to remain on the premises and made Mrs. Morehead the keeper. After due advertisement, the furniture was purchased by Sales Financing at public sale on May 6, 1964, for the sum of $70 and a procés verbal of the sale was prepared. This document lists the furniture exactly as listed in the answer of defendant which in turn purports to recite the description contained in the chattel mortgage. No copy of this last document is found in the record.
Subsequently, Mrs. Morehead moved, together with her children, to a furnished house in Shreveport. On Friday, May 10, 1964, while plaintiff was away from home the defendant’s agent or employee, Don Barrett, together with Deputy Marshal Carl Turner went to the residence of plaintiff to pick up the goods purchased at the marshal’s sale. The record reflects that prior to going to the house Don Barrett telephoned Harry Bloodworth, a secondhand furniture dealer, to meet him at the house where the furniture was located in order that the latter might appraise and buy the goods. On arriving at Mrs. Hamm’s house Carl Turner testified he found the door unlocked and, although no one was at home, he entered and Barrett and Blood-worth went in with him. Plaintiff, her daughter and her sister testified that the house was locked and that when they returned it had been broken into and all doors had been left open.
The record further reveals that all the furniture found on the first floor of plaintiff’s home was pointed out by the marshal, sold by Don Barrett and purchased and removed by Bloodworth and his helpers. The furniture sold and removed included most, but not all, of that owned by Mrs. Morehead and described in the mortgage; in addition it included thirteen items of furniture belonging to Mrs. Hamm, none of which was described in the mortgage, the keeper’s sheet or the procés verbal. In the course of removing Mrs. Hamm’s furniture it is alleged her clothing and bed linens were strewn around, the contents of the drawers and cedar chest were dumped on the floor and jars, bottles and picture frames were broken.
Defendant does not deny that the items allegedly belonging to plaintiff were actually removed from her house but it does seek to exonerate itself by urging that Mrs. Morehead had the authority to mortgage her mother’s furniture; that she did in fact describe her own furniture in the chattel mortgage in such manner as to lead defendant into believing it was only picking up the mortgaged furniture; that Mrs. Morehead had informed defendant the furniture could be picked up “any time” and therefore, any damages suffered by plaintiff should be assessed against Mrs. Morehead.
We find the position of defendant to be untenable. The fact remains that plaintiff’s property was never mortgaged to defendant and therefore was never legally seized and sold. As a consequence, the taking of plaintiff’s property amounted to a tortious conversion for which defendant is liable under Louisiana Civil Code Article 2315. Further, the record reflects Mrs. Morehead was not present during the removal of the furniture nor had she ever *482 been required to point out to Sales Financing nor to tire marshal what furniture was included in the mortgage.
Turning next to the propriety of the award of $1500 as damages for the wrongful conversion of the property and consequential damages suffered by plaintiff we conclude this award is amply supported by the record and is neither inadequate nor excessive.
For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.