273 So.2d 853 (1973)
SOUTH TEXAS LLOYDS, Plaintiff-Appellee,
v.
Roger M. JONES, Individually and as Administrator of the Estate of the minor, Roger Jones, Defendant-Appellant.
No. 12023.
Court of Appeal of Louisiana, Second Circuit.
February 6, 1973.
*854 Truett West, Farmerville, for appellant.
Pipes & Pipes, by William F. Pipes, Jr., Monroe, for appellee.
Before PRICE, HEARD and HALL, JJ.
PRICE, Judge.
South Texas Lloyds, as the comprehensive insurer of an automobile belonging to Robert Morris, brought this action under a conventional subrogation agreement against Roger M. Jones, individually and as Administrator of the Estate of his minor son, Roger Jones, seeking reimbursement for the value of the insured automobile. Plaintiff alleges the automobile was wrecked by the minor, Roger Jones, while being used without the knowledge or consent of the owner. The parties submitted the matter to the trial court on an agreed stipulation of facts which reflect the following sequence of events giving rise to this litigation.
On March 20, 1972, Mr. and Mrs. Robert Morris parked their 1968 Ford automobile on the private parking lot of a mercantile grocery in Farmerville, Louisiana, and inadvertently left the keys in the ignition of the vehicle. While they were shopping in the store, fourteen-year old Roger Jones got in the vehicle and drove away. While Jones was operating the vehicle on the Farmerville-Ruston Highway it was wrecked, causing extensive damage to the vehicle. At the time of the taking of the automobile, and at the time of the suit, Roger Jones was a minor living with his parents in Union Parish. It is stipulated that should plaintiff be entitled to judgment against the defendant, the appropriate amount it is entitled to is $975.75.
The trial judge rendered judgment for plaintiff for the stipulated damages and defendant perfected this devolutive appeal.
Appellant argues in brief to this court that the judgment rendered is improper for two reasons:
1. Plaintiff has failed to prove Roger Jones was guilty of gross negligence in causing the damage to the Morris vehicle as alleged in its petition since the stipulation of fact only admits an unauthorized taking of the automobile.
2. Recovery should be denied because plaintiff's subrogor, Morris, was contributorily negligent in leaving the keys in his automobile.
*855 We find no merit in either of these contentions and affirm the judgment appealed from.
Defendant admits the unlawful taking of the automobile by his minor son and the damage done to the vehicle while it was in the possession of the boy. Under the jurisprudence of this state it is unnecessary to show any negligence on the part of Roger Jones to entitle plaintiff to recover. The taking of another's movable property without his consent with the intent to deprive him of its possession and use, either temporarily or permanently, constitutes an unlawful conversion for which an action for damages arises for the value of the property taken. Edwards v. Max Thieme Chevrolet Co., 191 So. 569 (La.App.2d Cir. 1939); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957).
In the Importsales case our Supreme Court quoted with approval the definitions of conversion as set forth in American Jurisprudence and Corpus Juris Secundum, as follows:
"The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time is a conversion." (53 Am.Jur., verbo Trover and Conversion, Sec. 29)
"* * * The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner, although a temporary deprivation will be sufficient; and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from his act." (89 C.J. S. verbo Trover & Conversion § 3)
Contributory negligence is not a defense to an intentional tort and has no application to the circumstances of this case.
"Ordinarily, where willful or wanton conduct for which defendant is responsible is a proximate cause of the injuries complained of, contributory negligence does not bar recovery. The fact that the contributory negligence for which plaintiff is responsible consisted in the violation of a statute is immaterial. Thus, the doctrine of contributory negligence has no application in actions founded on intentional violence, or in actions founded on wrongful acts done purposely, or in malicious disregard of the rights of others, or on acts exhibiting an indifference to the rights of others and a reckless disregard of whether or not injury is done. Conduct may be willful and wanton without the existence in fact of an intent to injure the person harmed." (65A C.J.S. verbo Negligence § 131)
We are aware of LSA-R.S. 32:145, which prohibits persons from leaving the ignition key in an unattended vehicle, and its possible application to this case. However, this statute only applies to vehicles left unattended on public streets. Berluchaux v. Employers Mutual of Wausau, 182 So.2d 98 (La.App.4th Cir. 1966). Since the Morris automobile was parked in a private parking lot the statute has no application to this case.
Roger M. Jones is liable for the damages resulting from his minor son's tortious conduct in unlawfully taking and wrecking the automobile belonging to Morris. La.C.C. Article 2318 provides
"Art. 2318. Acts of minors
The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."
*856 In Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968), our Supreme Court interpreted this article as follows:
"We think the liability of the parent under these articles is vicarious and if the child is old enough to be capable of fault and is in fact at fault, the liability of the parent is fixed; provided, of course, the minor is residing with the parent at the time." (214 So.2d 138, 143)
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.