MARVIN, Judge.
Defendant appeals from a judgment ordering it to surrender to plaintiffs certain movable property, including eight items of furniture, and to pay plaintiff, Mrs. Elmer, $1,500 in damages arising out of defendant’s conversion or detention of her property. We affirm.
Defendant no longer contests plaintiffs’ ownership of the property but contends that its actions did not constitute a wrongful conversion for which damages may be allowed and that in any event, the damages are excessive. Plaintiffs answer the appeal, seeking damages for Mr. Elmer and an increase in Mrs. Elmer’s damages.
Plaintiffs were the shareholders and managerial employees of M. Levy Company, which sold its assets to the defendant M. Levy Corporation of Shreveport, Inc. in 1977. This corporation was created to consummate the purchase and continue the M. Levy department store business in Shreveport. The trial court found that Mrs. Elmer made a handwritten list of the furniture and personal items and delivered it before June 30,1977 to Mr. Robles, who was a principal of the corporate purchaser. Mr. Elmer corroborated his wife in most respects. Mr. Robles acknowledged he received a typewritten list in August, 1977. We find no error in the trial court’s findings.
After the sale, animosity developed between the parties and later in 1977 the corporate purchaser sued in federal court to rescind its purchase of the assets of M. Levy Company. Mr. and Mrs. Elmer were discharged about this time as employees of *DXXXIV the purchasing corporation. In December 1977 defendant allowed Mr. Elmer to recover some of his personal effects from the store. In 1978, defendant refused to allow Mrs. Elmer’s friend, Mrs. Lefkowitz, to remove a lounge chair, which was Mrs. Elmer’s personal property, from the store. Mrs. Lefkowitz was authorized to remove the chair by Mrs. Elmer. After Mrs. Lef-kowitz’ request was refused, plaintiffs’ attorney made written demand in September, 1978 for the release of the items in question. This suit followed and resulted in the judgment in March 1979. When the M. Levy store closed in June 1979 defendant returned or allowed removal of the furniture to plaintiffs. Defendant had earlier contended that until the federal litigation was resolved, the question of ownership of the furniture and personal items could not be decided and that its detention was not wrongful. We do not agree.
The record establishes that defendant’s principal (Mr. Robles) agreed to allow plaintiffs to leave their furniture and personal items at the store. He admits receiving the typewritten list in August 1977. The handwritten list was lost or destroyed but the typewritten list was filed in evidence.
Any act of dominion wrongfully asserted over the property of another, inconsistent with or in denial of the other’s rights, is a wrongful conversion. Hamilton v. Travelers Indemnity Co., 248 So.2d 617, 619 (La.App. 3d Cir. 1971). The refusal to allow an owner access to his property is a wrongful conversion. Boisdore v. International City Bank & Trust Co., 361 So.2d 925 (La.App. 4th Cir. 1978). Hopper y. Bills, 255 La. 628, 232 So.2d 296 (1970), and Bryant v. McCann, 297 So.2d 262 (La.App. 3d Cir. 1974), and other cases cited by defendant are not contrary. In Hopper the wrecker service enjoyed a right of detention of the plaintiff’s vehicle under CC Art. 3225 and its initial possession of plaintiff’s vehicle was lawful under LRS 32:2. In Bryant, plaintiff’s cattle trespassed through a fence and were destroying defendant’s crop. The defendant did not prohibit plaintiff from recovering his cattle after defendant corralled them.
Some of the items belonging to plaintiffs were gifts from employees, antiques, and family heirlooms, which had sentimental value. Mrs. Elmer exhibited genuine concern about the possible loss of these items and about her embarrassment when her long-time friend, Mrs. Lefkowitz, was refused the right of removing from the store the lounge chair which Mrs. Elmer had authorized her to remove.
We cannot say that the award of $1,500 was an abuse of the trial court’s discretion. Boisdore, supra, awarded $7,500. Deshotels v. Statewide Trailer Sales, 333 So.2d 259 (La.App. 1st Cir. 1976) and Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977) awarded $1,000. See also Hamm v. Sales Financing, Inc., 181 So.2d 480 (La.App. 2d Cir. 1965).
We decline to amend the judgment to award damages to Mr. Elmer or to increase the award to Mrs. Elmer as plaintiffs seek in the answer to the appeal. The record shows no abuse of discretion in these respects. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
At appellant’s cost, judgment is AFFIRMED.