CHIASSON, Judge.
Charley Barrow, plaintiff-appellant, appeals the decision of the trial court dismissing his suit for tortious conversion of his automobile by the defendant-appellee, Zachary Transmission Service, Inc. We affirm.
Barrow owned a 1965 automobile which he brought to Zachary Transmission for repairs to the transmission on January 12, 1978. After the repairs were made and Barrow paid the $320.00 bill, he used the car for about two weeks before the same problems reoccurred. He returned the car to appellee for further repairs. This pattern continued a number of times until May of 1978 when appellant brought it in for the last time.
After making two trips to recover his vehicle and finding that it was not ready, Mr. Barrow contacted an attorney. About a week later the appellee informed the attorney that Mr. Barrow could pick up his car. This was never done and suit followed.
The trial court dismissed appellant’s suit finding that there was no tortious conversion of the automobile. In addition to this ruling, the trial court commented that if appellant would have brought a redhibitory action instead, he could have possibly been successful.
In his specification of errors, the appellant cites the comment of the trial court referring to the redhibitory action and contends that the trial court was confused in its initial ruling. In addition, he contends *1309 that the trial court erred in refusing to grant a new trial since the judgment was contrary to the evidence.
In regards to the first assignment of error, the trial court first made the determination that there was no tortious conversion in this case. In a passing comment the trial judge stated that appellant could possibly have been successful if he would have brought a redhibitory action. There has been no showing that the trial court was confused in any way when it made the determination concerning the action for tor-tious conversion. Therefore, appellant’s first contention is without merit.
In regards to the conversion action and the second specification of error, the case of Deshotels v. Statewide Trailer Sales, 333 So.2d 259 (La.App. 1st Cir. 1976) expresses the law as it relates to this common law doctrine. As the Court explains:
“Conversion has been defined as ‘a distinct act of dominion wrongfully exerted over another’s property in denial of or inconsistent with the owner’s rights therein.’ Lincecum, [287 So.2d 625] supra, and authorities cited therein. “Furthermore, it is the act itself, rather than the intentionally or negligently wrongful manner thereof, that constitutes the conversion. Our brothers of the Third Circuit in Lincecum, supra, cited with approval on this point Prosser’s Handbook of the Law of Torts 83-4 (3rd Ed. 1964), and we do likewise:
The intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff’s rights ... Persons ... exercise acts of ownership over them at their peril, and must take the risk that there is no lawful justification for their acts.” Deshotels, supra, pages 260-261.
The trial court found as a matter of fact that there was no conversion. On appeal this decision must be given great weight and cannot be reversed unless it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The evidence was conflicting but a finding that there was no conversion by appel-lee of appellant’s property is supported by reasonably credible evidence. Plaintiff voluntarily brought his car to appellee’s place of business on numerous occasions. Though not fixed, appellant could have removed the vehicle from appellee’s premises at anytime. We therefore find no manifest error in the trial court’s decision.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.