597 So.2d 35 (1992)
CABALLERO PLANTING CO., INC.
v.
Andrew C. HYMEL, Sr. and Armide Falcon.
No. CA 90 2235.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
*36 Jess J. Waguespack, Napoleonville, for plaintiff/appellant.
Malcolm J. Dugas, Jr., Donaldsonville, for defendant.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
LeBLANC, Judge.
This appeal concerns a suit in which plaintiff seeks compensation for the value of plant cane and stubble remaining on defendants' property upon the termination by defendants of their oral, year to year lease with plaintiff.
Since its incorporation in 1974, plaintiff, Caballero Planting Company, Inc., has leased the property in question from defendants, Andrew C. Hymel, Sr. and Armide Falcon, for the purpose of sugarcane farming. By letter dated December 29, 1989, defendants' counsel advised plaintiff that defendants would not renew the lease for the following year, and that plaintiff should vacate the premises no later than midnight on December 31, 1989. Plaintiff vacated the premises, but thereafter made a demand for compensation for the plant cane and stubble cane it had previously planted, which remained on defendants' property. Defendants rejected this demand.
By letter dated April 23, 1990, defendants advised plaintiff that it could remove any plantings located on defendants' property which belonged to plaintiff. On July 2, 1990, plaintiff filed the present suit for compensation for the value of the plant cane and stubble.[1] Defendants subsequently filed a motion for summary judgment *37 on the basis that plaintiff was not entitled to any compensation under the provisions of La.C.C. art. 493. Following a hearing on this motion, the trial court granted judgment in favor of defendants, dismissing plaintiff's suit. Plaintiff now appeals this judgment.
It is well-settled that the granting of a summary judgment is proper only when the pleadings, depositions, answers to interrogatories on file, together with affidavits, if any, establish that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). Further, the failure of an opposing party to file opposing affidavits or other evidence does not automatically entitle the moving party to summary judgment. Nathans, supra; Huval v. Schmershal, 525 So.2d 140 (La.App. 3d Cir.1988). It is only after the moving party has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law that the burden shifts to the party opposing the motion to come forward with specific facts establishing the existence of a genuine issue for trial. Nathans, 443 So.2d at 696.
In the present case, the trial court apparently accepted defendants' argument that they were entitled to summary judgment under the provisions of La.C.C. art. 493. However, we disagree, finding that this provision does not entitle defendants to judgment as a matter of law. La.C.C. art. 493 provides, in pertinent part:
Buildings, other constructions permanently attached to the ground, and plantings made on the land of another with his consent belong to him who made them. They belong to the owner of the ground when they are made without his consent. When the owner of buildings, other constructions permanently attached to the ground, or plantings no longer has the right to keep them on the land of another, he may remove them subject to his obligation to restore the property to its former condition. If he does not remove them within 90 days after written demand, the owner of the land acquires ownership of the improvements and owes nothing to their former owner.
Underscoring added.
Initially, we have doubts as to whether the legislature intended art. 493 to apply to a crop such as sugarcane, planted by a lessee with the lessors' full knowledge and consent, which has a growing season greatly in excess of ninety days. However, we need not reach this issue, since the record before us indicates defendants did not made written demand upon plaintiff for removal of its plant cane and stubble as required by this article.
Defendants rely on the letter from their attorney to plaintiff, dated April 23, 1990, to satisfy the requirement that a demand be made. However, we conclude that this letter did not sufficiently constitute a demand within the meaning of art. 493. The language of this letter was as follows:
Since Mr. Caballero no longer has the right to occupy my clients' property, as per my letter of December 29, 1989, this is to advise that Mr. Caballero may remove whatever improvements or plantings that belong to him which are located on my clients' property; with the obligation to restore the property to its former condition.
Please keep in mind, however, that if Mr. Caballero removes any improvements or plantings that do not belong to him, my clients will file suit for damages.
Webster's Ninth New Collegiate Dictionary defines a "demand" as "an act of demanding or asking esp. with authority" or "something claimed as due." Black's Law Dictionary 386 (5th ed. 1979) defines a demand, in part, as "[a]n imperative request preferred by one person to another, under a claim of right, requiring the latter to do or yield something or to abstain from some act" and as "[a]n asking with authority, claiming or challenging as due". The letter in question did not demand, in any sense of the term, or even request that plaintiff remove its plant cane and stubble, *38 but merely "advised" plaintiff that it could remove any plantings belonging to it which were located on defendants' property. Since the consequence under art. 493 of a failure to remove one's property within ninety days after a written demand to do so is so harsh, involving as it does the loss of property, we believe the requirement of a written demand must be strictly complied with by the party relying upon the provisions of this article. See, Perry v. Butler, 8 So.2d 95, 97 (La.App. 2d Cir.1942). Since we do not believe the April 23, 1990 letter met this requirement within the contemplation of art. 493, defendants were not entitled to summary judgment pursuant to this article. See, Ortego v. Sevarg Co., Inc., 550 So.2d 340, 344 (La.App. 3d Cir.1989). Nor have defendants shown that they were entitled to judgment in their favor on any other basis. Accordingly, the trial court erred in granting summary judgment dismissing plaintiff's suit.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff originally also sought reimbursement in this suit for the costs of removing, at defendants' request, several trees from the leased premises. However, the trial court subsequently ordered this claim stricken from plaintiffs' petition pursuant to a Motion to Strike filed by defendants. Plaintiff did not seek review of this ruling.