610 So.2d 159 (1992)
Harry BROUSSARD, Plaintiff-Appellant,
v.
Julia Broussard LOVELACE, Defendant-Appellee.
No. 91-1265.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Rehearing Denied January 21, 1993.
*160 Joshua H. Pitre, Opelousas, for plaintiff-appellant.
John H. Pucheu, Eunice, for defendant-appellee.
Before GUIDRY, DOUCET and WOODARD, JJ.
WOODARD, Judge.
This is an appeal of the trial court's award of Six Hundred Fifty and No/100 ($650.00) Dollars to plaintiff, Harry Broussard, for damages resulting from the tortious conversion of his property by defendant, Julia Broussard Lovelace.
Plaintiff asserts the following issues on appeal: (1) whether the trial court erred in finding that the value of the junk automobiles sold by defendant was Two Thousand Six Hundred and No/100 ($2,600.00) Dollars; (2) whether the trial court erred in finding that plaintiff deliberately refused to remove the junk automobiles from the property after amicable demand was made by defendant; (3) whether the trial court erred in applying the doctrine of comparative negligence in a suit for wrongful conversion; and (4) whether the trial court erred in finding plaintiff did not sustain damages for humiliation, wrongful conversion, and mental and psychological pain and suffering.
Plaintiff resided on a parcel of land owned by his father, pursuant to a thirty year verbal lease agreement he entered into with his father. Plaintiff earned his income as a salvager of junk automobiles. He maintained these automobiles on the leased land, with some of them spilling over onto adjacent land which also belonged to his father. Plaintiff's father died in 1985 and his sister, defendant herein, was appointed administratrix of the estate. On June 13, 1986, defendant, through her attorney, began making demands on plaintiff to remove the vehicles from the land she was administering because she wanted to clean up the property. Plaintiff was incarcerated at the time the demands were made. After repeated requests, plaintiff refused to move the automobiles. In March, 1987, defendant sold most of them to Mr. Joseph Morgan, a junk salvager, while plaintiff was still incarcerated. He was released from prison in April, 1987.
Mr. Morgan testified that he paid Twenty-five and No/100 ($25.00) Dollars for each vehicle he purchased. He was unsure exactly how many junk automobiles he purchased. Defendant testified that it cost her Three Hundred and No/100 ($300.00) Dollars to have the land bulldozed so that the vehicles could be removed. She deducted this expense from the proceeds of the sale to Mr. Morgan and deposited the remaining Two Thousand Three Hundred and No/100 ($2,300.00) Dollars from the sale of the automobiles into a bank account in plaintiff's name. This account was eventually seized and the funds were credited toward plaintiff's debts.
Plaintiff filed this suit against defendant seeking damages for the wrongful conversion *161 of his property. The trial court found in favor of plaintiff and valued his property sold by defendant at Two Thousand Six Hundred and No/100 ($2,600.00) Dollars. The trial court then found plaintiff 75% at fault for refusing to remove the automobiles from the property after repeated amicable demand was made upon him to do so. Thus, it reduced plaintiff's award by 75% under the doctrine of comparative negligence and rendered judgment in favor of plaintiff for Six Hundred Fifty and No/100 ($650.00) Dollars. Plaintiff appeals this decision.

VALUE OF THE AUTOMOBILES
Plaintiff first asserts that the trial court erred in valuing the property defendant sold to Mr. Morgan, a salvager, at Two Thousand Six Hundred and No/100 ($2,600.00) Dollars. Mr. Morgan paid defendant Twenty-Five and No/100 ($25.00) Dollars per automobile, and then took them straight to market where he sold them for Forty-Five and No/100 ($45.00)Fifty-Five and No/100 ($55.00) Dollars each. Plaintiff claims he was in the same business as Mr. Morgan. Since Mr. Morgan received Forty-Five and No/100 ($45.00) Fifty-Five and No/100 ($55.00) Dollars per automobile, that was the apparent fair market value. Thus, they should have been valued accordingly for plaintiff.
The measure of damages for tortious conversion, when the property cannot be returned to the plaintiff, is the value of the property at the time of conversion. Gurst v. City of Natchitoches, 428 So.2d 502 (La.App. 3 Cir.1983). The value of the automobiles at the time of conversion should be determined by their fair market value and not the price paid for them by Mr. Morgan, who obviously paid wholesale prices. This court, in Harper Oil Field Services v. Dugas, 451 So.2d 96 (La.App. 3 Cir.1984), held it to be an abuse of discretion where a trial court did not base its value calculation in determining damages on the fair market value. Plaintiff was in the same business as Mr. Morgan, and Mr. Morgan testified he received between Forty-Five and No/100 ($45.00) and Fifty-Five and No/100 ($55.00) Dollars per automobile. The value of plaintiff's property and plaintiff's actual loss, then, was Forty-Five and No/100 ($45.00) to Fifty-Five and No/ 100 ($55.00) Dollars per automobile and not Twenty-Five and No/100 ($25.00) Dollars per automobile, as determined by the trial court. We conclude that the trial court abused its discretion when it failed to calculate the value of the automobiles at their fair market value.
Defendant deposited Two Thousand Three Hundred and No/100 ($2,300.00) Dollars from the sale of the automobiles into an account in plaintiff's name. She also testified that she spent Three Hundred and No/100 ($300.00) Dollars of the money she received from Mr. Morgan to have the area bulldozed, so Mr. Morgan could get to the automobiles. Defendant thus received Two Thousand Six Hundred and No/100 ($2,600.00) Dollars from the sale of the property at Twenty-five and No/100 ($25.00) Dollars per automobile. From this, we can determine that defendant sold 104 of plaintiff's cars to Mr. Morgan.
We find the fair market value of the automobiles to be at least Forty-Five and No/100 ($45.00) Dollars each, and therefore determine the value of the property sold by defendant to be Four Thousand Six Hundred Eighty and No/100 ($4,680.00) Dollars. In calculating the amount plaintiff is now entitled to, we must subtract from the fair market value of the property the Two Thousand Three Hundred and No/100 ($2,300.00) Dollars plaintiff has already received from the funds deposited by defendant into the bank account. We must also subtract the Three Hundred and No/100 ($300.00) Dollars defendant had to pay in order to have the property bulldozed, because plaintiff would have had to incur the same expenses had he wished to remove the cars to sell them.
We therefore find that plaintiff is entitled to receive Two Thousand and Eighty and No/100 ($2,080.00) Dollars and amend the trial court judgment in his favor to reflect this amount.

*162 COMPARATIVE NEGLIGENCE
Does the doctrine of comparative negligence apply in a lawsuit for the intentional tort of conversion? Although the trial court valued plaintiff's property at Two Thousand Six Hundred and No/100 ($2,600.00) Dollars, judgment was rendered in favor of plaintiff for only Six Hundred Fifty and No/100 ($650.00) Dollars. The trial court found that, by refusing to remove the automobiles from the property, plaintiff contributed to his damages to the extent that his recovery from defendant should be reduced by 75%. Plaintiff argues that the trial court erred in reducing his recovery under a comparative negligence theory because comparative negligence is not a defense to an intentional tort.
Conversion is the intentional tort of wrongfully depriving a person of possession of his property. Mauboules v. Broussard Rice Mills, 379 So.2d 1196 (La.App. 3 Cir.1980), writ denied, 381 So.2d 1234 (La. 1980). The general rule in Louisiana is that comparative negligence does not apply in intentional tort cases. South Texas Lloyds v. Jones, 273 So.2d 853 (La.App. 2 Cir.1973); Ryland v. Taylor, Porter, Brooks & Phillips, 496 So.2d 536 (La.App. 1 Cir.1986), writ denied, 497 So.2d 1388 (La.1986). Recent cases, though, have applied the doctrine of comparative fault in intentional tort suits for assault and battery. The doctrine was applied in these cases because it was found that the plaintiff, through his actions or words, had provoked the defendant into committing the tort. See Robinson v. Hardy, 505 So.2d 767 (La.App. 2 Cir.1987), writ denied, 508 So.2d 825 (La.1987), and Jones v. Thomas, 557 So.2d 1015 (La.App. 4 Cir.1990).
The rationale for applying comparative fault to battery cases cannot be extended to the intentional tort of conversion. Plaintiff's failure to remove his automobiles did not "provoke" defendant into taking the law into her own hands and selling plaintiff's property, especially when plaintiff had a right to have his property on the land due to the thirty year lease. While we sympathize with the defendant in her efforts to clean up the property, we cannot sanction self-help measures. The defendant should have turned to the judicial system to seek an adequate remedy.
We therefore find no reason to disregard the general principle that comparative fault does not apply in intentional tort cases. The trial court erred in applying this theory in a conversion case.

FAILURE TO REMOVE THE AUTOMOBILES
Plaintiff contends the trial court erred in finding he deliberately refused to remove the junk automobiles from the property after amicable demand was made on him to do so. Because we have determined that comparative fault principles do not apply in a conversion case, this finding by the trial court is irrelevant and we need not address this assignment of error.

DAMAGES
Plaintiff finally asserts that he is entitled to damages for humiliation and embarrassment as a result of the conversion. The trial court judgment does not address this claim, but, "[t]he general rule is that where a judgment is silent with respect to any demand which was an issue in the case under the pleadings, such silence constitutes an absolute rejection of such demand." Smith v. Hughes Wood Products, Inc., 544 So.2d 687, 690 (La.App. 3 Cir.1989). Plaintiff appeals the rejection of his claim for damages for humiliation and embarrassment.
A trial judge has much discretion in determining damages. Scott v. Hospital Service Dist. No. 1, 496 So.2d 270 (La.1986). At trial, plaintiff offered no evidence other than his own self-serving testimony as to the nature and extent of the embarrassment and humiliation he suffered as a result of the tortious conversion of his property. We therefore find no abuse of discretion in the trial court's refusing to award damages for humiliation and embarrassment.
For the foregoing reasons, the judgment of the trial court in plaintiff's favor is *163 amended from an award of Six Hundred Fifty and No/100 ($650.00) Dollars to an award of Two Thousand Eighty and No/ 100 ($2,080.00) Dollars. In all other respects, the judgment of the trial court is affirmed. Costs of this proceeding are assessed to defendant-appellee, Julia Broussard Lovelace.
AFFIRMED AS AMENDED.