602 So.2d 260 (1992)
Isaac REESE, Respondent,
v.
TAYCO FOOD STORE, INC., d/b/a the County Market, et al., Applicants.
No. 23970-CW.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*261 Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for applicants.
Ronald J. Miciotto, Shreveport, for respondent.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, Isaac Reese, brought suit against Tayco Food Stores, Inc., d/b/a the County Market, and its insurer, Insurance Company of North America, claiming that he slipped and fell in the County Market store in Shreveport. Following the trial court's denial of their second motion for summary judgment, the defendants sought a supervisory writ from this court, which was granted. For the reasons assigned above, we make the writ peremptory and reverse the trial court judgment.

FACTS
On January 7, 1988, the 41-year-old plaintiff entered the County Market store on Greenwood Road in Shreveport. Thereafter, he was found lying in one of the aisles. He was transported from the premises by ambulance. He subsequently sued, alleging in his petition that he "slipped and fell on a wet, foreign substance" while walking through the store in "an orderly and prudent manner." He also claimed to have suffered neck and back injuries.
The defendants filed a general denial answer which was followed in September, 1990, by their first motion for summary judgment. They contended that the plaintiff could not meet his burden of proof under LSA-R.S. 9:2800.6. Attached to the motion was the affidavit of Richard E. Williams, the assistant manager of the store. He stated that, on the date of the alleged accident, the store would have been mopped and swept immediately before opening at 6 a.m. The floors were not waxed. Shortly after 7 a.m., an unidentified customer told him that there was a man lying down in one of the aisles. Mr. Williams found the plaintiff lying on the *262 floor. The plaintiff indicated that he had fallen and hurt his back, neck, and legs.
According to his affidavit, Mr. Williams saw no visible signs of injury. He examined the floor and the bottom of the plaintiff's boots to determine if there was any foreign substance that could account for a fall. Mr. Williams could find nothing slippery, wet, or any foreign substance either on the floor or the bottom of plaintiff's boots to account for the fall. Since the plaintiff indicated that he was unable to get up, Mr. Williams sent for an ambulance. The plaintiff did not indicate that anyone was with him, and Mr. Williams could find no witnesses to any fall.
Mr. Williams also stated that he had personal knowledge that the floors are inspected approximately every hour and that all employees are instructed to be on constant visual lookout for floor conditions. Furthermore, the floor is tile, and any foreign substance would have been readily visible.
Also attached to the defendants' first motion for summary judgment was the affidavit of Kathy Berg, a claims representative who interviewed the plaintiff by telephone on March 18, 1988, and a transcript of their telephone conversation. She stated that the plaintiff was never able to identify any foreign substance on the floor to account for the fall and that he was unable to identify any witnesses to his fall. The transcript contains the following exchange:
Berg: Do you know if anything was on the floor that could have caused your fall?
Reese: I don't know. I never did look on the floor. I was looking up ahead.
....
Berg: Okay. And do you know if there were any witnesses?
Reese: There might have been. Somebody probably dripped something or dropped something, or might have spilled on the floor, I don't know.[1]
The plaintiff's attorney filed an opposition to the motion in which it was asserted that plaintiff's "cousin" was shopping with him and witnessed the fall. No affidavit supporting these facts was filed in the record. Thereafter, the trial court denied the motion, finding that there was a genuine issue of material fact as to whether there was a foreign substance on the floor. The court stated that such an issue was to be decided by the trier of fact after hearing the witnesses under oath and subject to cross-examination.
A second motion for summary judgment was filed in October of 1991, after the defendants had taken the plaintiff's deposition. In his deposition, the plaintiff gave erratic and confused answers. An example of his bizarre responses is as follows:
Q. What is [his girl friend's] daughter's name?
A. I can't think of it now onI am kind of in a disturbed mood now.
Q. Why?
A. I am kind of in a disturbed mood, and I can't think too good.
Q. Any particular reason why you are in that particular frame of mind?
A. I can't think where I am at.
The plaintiff said that he "thought" the alleged incident occurred at the County Market because that was what he had "heard" and that it was the only store he remembered entering. When asked if he knew where the alleged accident happened, the plaintiff responded, "No, I can't picture where it happened. I don't know what happened." He remembered nothing about where in the store he allegedly fell. He also stated that he could not remember whether or not he fell and that he never knew how the accident happened. He merely maintained that "something" had happened. He further said he didn't remember anyone being with him and he thought that he walked to the store alone.
*263 The trial court denied the second motion for summary judgment without written reasons. Accordingly, judgment to this effect was signed on December 2, 1991. Thereafter, the defendants sought supervisory writs. This court granted writs and ordered that the case be docketed.

LAW
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981).
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a basis for rendering a summary judgment. Adams v. Travelers Insurance Company, 420 So.2d 507 (La.App. 2d Cir.1982), writ denied, 422 So.2d 426 (La.1982).
On a motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue. At this point, the opposing party may no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc, 385 So.2d 772 (La.1980); Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2d Cir.1987); Cooper v. Ceco Corporation, 558 So.2d 1355 (La.App. 4th Cir.1990).
When a motion for summary judgment is made and supported, the adverse party may not rest on his pleadings, but must show, by affidavits or otherwise, that there is a genuine issue of material fact. Cooper v. Ceco Corporation, supra. He must show that there is a genuine issue of fact by setting forth specific facts in his response. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Fortenberry v. Berthier, 503 So.2d 596 (La.App. 4th Cir.1987).
Questions of negligence are generally inappropriate for disposition by summary judgment. However, a defendant is entitled to dismissal by means of this procedural vehicle, if, after the opposing party has had an adequate opportunity to develop evidence, the record is completely devoid of any suggested basis for the defendant's liability. Cooper v. Ceco Corporation, supra.

DISCUSSION
In the instant case, the defendants contend that summary judgment should be granted because the evidence demonstrates that there was no wet, foreign substance on the floor of the store at the time of the plaintiff's alleged fall. Consequently, the plaintiff cannot carry his burden of proof under LSA-R.S. 9:2800.6.[2]
*264 However, the plaintiff contends that summary judgment is inappropriate because there is an issue of disputed fact as to whether there was a wet, foreign substance on the floor. He also claims in his appellate brief that the accident was witnessed by his cousin.
We note that in the plaintiff's response to interrogatories filed in October, 1989, the plaintiff stated that no witnesses were known at that time. Yet, as previously mentioned, in the plaintiff's opposition to the first motion filed in October, 1990, he asserted for the first time that he was shopping with a cousin who saw him slip and fall on a wet, foreign substance. (We are unable to find the cousin's name anywhere in the record.) However, the plaintiff made no reference to this cousin in his opposition to the second motion, and in his own deposition he stated that he did not recall being accompanied by anyone. Most importantly, the record is devoid of any affidavit by a person claiming to be the plaintiff's cousin, much less a witness to the fall.
Our review of the record convinces us that the defendants carried their burden of proof. In the face of the compelling evidence presented by the defendants, the plaintiff could not rely solely upon the allegations contained in his pleadings. In order to defeat the defendants' motion for summary judgment, the plaintiff was obligated to show, by affidavit or otherwise, that some contested issue of fact remained for resolution at trial. He failed to do so.
We have examined the evidence submitted with the defendants' motion for summary judgment with a critical eye, and we find that it resolves all issues of material fact. The affidavit of Mr. Williams and the plaintiff's own sworn deposition testimony demonstrate that there was no premise hazard for which the defendants could be held liable.
Therefore, we reverse the trial court judgment denying the defendants' second motion for summary judgment.

CONCLUSION
The writ is made peremptory, and the judgment of the trial court is reversed. The defendants' motion for summary judgment is hereby granted, and the plaintiff's suit is dismissed. Costs are assessed against the plaintiff.
WRIT MADE PEREMPTORY; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] This quotation is taken from the transcript filed with the first motion for summary judgment. Another transcript of the same conversation was filed with the defendants' answer. The transcripts are essentially the same with minor discrepancies. As to the portion recited above, the transcript filed with the answer quoted the plaintiff as saying that somebody might have "spit" (not "spilled") on the floor.
[2] The version of LSA-R.S. 9:2800.6 applicable to the present case stated as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant's premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.