United States Court of Appeals,

Fifth Circuit.

No. 92-3504.

Gary Michael BECKER, Sr., Plaintiff-Appellant,

v.

CHEVRON CHEMICAL COMPANY, Defendant-Appellee.

Feb. 10, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Gary M. Becker appeals an adverse summary judgment dismissing his tort action against Chevron Chemical Company. The district court concluded that a statutory employment relationship existed between Becker and Chevron, and that Chevron is immune from Becker's action. We affirm.

## I. BACKGROUND

In 1990, Chevron contracted with Marec, Inc. to replace the walkways located above storage tanks at Chevron's Oak Point Plant. Chevron employees use the overhead walkways daily to gain access to hatches located above the storage tanks. The walkways were being upgraded to comply with revised industry standards.

While performing structural fitting work on an overhead walkway, Becker, an employee of Marec, inhaled fumes from one of the storage tanks. Becker filed this negligence lawsuit against Chevron to recover for injuries he suffered from inhaling the fumes. The district court granted Chevron's motion for summary judgment on the ground that, as Chevron's statutory employee, Becker was barred by the Louisiana Worker's Compensation Act from asserting a tort claim against Chevron.

## II. DISCUSSION

Under the Louisiana Worker's Compensation Act, a "principal" who engages a contractor to perform work that is "a part" of the principal's "trade, business, or occupation" is liable to pay

worker's compensation benefits to the contractor's employees. LSA-R.S. 23:1061. Principals who fall within 23:1061 (known as "statutory employers") enjoy immunity from tort actions brought by their statutory employees for work-related injuries. LSA-R.S. 23:1032.

For several years, courts used the three-level analysis outlined in *Berry v. Holston Well Service, Inc.,* 488 So.2d 934 (La.1986) to determine if a statutory employer relationship existed. In 1989, the Louisiana Legislature amended 23:1061 by adding the following sentence:

> The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.

The 1989 amendment rejects the *Berry* three-level analysis and returns the law to the old "integral relation" test. *Harris v. Murphy Oil, U.S.A.,* 980 F.2d 991, 992-93 (5th Cir.1992); *Salsbury v. Hood Indus. Inc.,* --- F.2d ----, ----, ---- (5th Cir.1993). Under the integral relation test, a statutory employer relationship exists when the contract work is an integral part of the trade, business, or occupation of the principal. *Salsbury,* --- F.2d at ----. The *Berry* factors may no longer be used to defeat statutory employer status. *Id.* at ----.

Here, Chevron decided to replace its overhead walkways to comply with stricter safety standards. The overhead walkways were used daily to access hatches located above the storage tanks. Chevron employees needed access to such hatches so that they could sample and test the chemical product stored in the tanks. For purposes of determining statutory employer status under the integral relation test, the "work" at issue is the replacement of the overhead walkways. We believe that such "work" was an integral part of Chevron's business. The fact that this work might be considered extraordinary construction work, as asserted by Becker, is irrelevant under the amended version of 23:1061.

Becker contends that because the Louisiana Legislature did not amend 23:1032 as it did 23:1061,[1] the *Berry* analysis should still apply in cases where the principal is seeking tort immunity

---

[1] LSA-R.S 23:1032 provides tort immunity to statutory employers. Whereas, 23:1061 obligates statutory employers to pay compensation.

under 23:1032. According to Becker, Louisiana now has two definitions for statutory employer—one under 23:1032 and one under 23:1061. We do not agree. In applying tort immunity to statutory employers, courts have always read the two provisions together, and we will continue to do so.[2] We doubt that the Legislature intended to create two definitions of statutory employer. See *id.* at ---- n. 5.

Becker has also failed to demonstrate that the Louisiana worker's compensation scheme is unconstitutional with respect to the tort immunity accorded to statutory employers who have not actually paid compensation. *See Williams v. Gervais F. Favrot Co.,* 499 So.2d 623, 627 (La.App. 4th Cir.1986), *writ denied,* 503 So.2d 19 (La.1987); *Guinn v. Progress Drilling, Inc.,* 398 So.2d 128 (La.App. 3d Cir.), *rev'd on other grounds,* 401 So.2d 978 (La.1981).

## III. CONCLUSION

We conclude that Chevron was Becker's statutory employer, and therefore, the district court properly granted Chevron's motion for summary judgment.

AFFIRMED.

---

[2]In 1976, the Louisiana Legislature amended 23:1032 to explicitly grant immunity to statutory employers. *See Rowe v. Northwestern Nat'l Ins. Co.,* 471 So.2d 226, 229 (La.1985) (Lemmon, J., concurring). The 1976 amendment was essentially a codification of the case law which used 23:1061 to grant immunity to statutory employers. *See* 13 Wex S. Malone & H. Alston Johnson, III, Louisiana Civil Law Treatise—Workers' Compensation § 128 (2d ed. 1980).