632 So.2d 870 (1994)
Charles W. DEAL, Plaintiff-Appellant,
v.
INTERNATIONAL PAPER COMPANY, American Motorists Insurance Company and Jim Malson, Defendant-Appellees.
No. 25549-CA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
Rankin, Yeldell, Herring & Katz by Charles E. Herring, Jr., Bastrop, for plaintiff-appellant.
Crawford & Anzelmo by Brian E. Crawford, Monroe, for defendants-appellees.
Before SEXTON, VICTORY and STEWART, JJ.
VICTORY, Judge.
In this tort action, the plaintiff, Charles W. Deal, appeals from a summary judgment granted in favor of the defendants, International Paper Company ("IP"), American Motorists Insurance Company ("AMIC") and Jim Malson, sustaining the statutory employer defense. For the reasons which follow, we affirm the judgment of the trial court.

FACTUAL BACKGROUND
IP's Louisiana Mill in Bastrop, Louisiana, is engaged in the business of converting raw materials into paper through mechanical and chemical processes, some requiring heating and cooling. Pursuant to a September 1, 1989, written agreement, IP contracted with Petrin Corporation ("Petrin") for the performance of insulation services on paper machines, auxiliary equipment and enclosing structures. These services included the removal and replacement of some insulation containing asbestos.
In order to remove the asbestos-laden insulation, visquine plastic enclosures were erected to contain any airborne particles of *871 asbestos. The workers, wearing protective clothing and breathing masks, "wet-down" the insulation with water sprayed from hoses to further reduce the emission of asbestos particles into the air.
On April 17, 1991, Deal, an employee of Petrin, was injured while working at the Louisiana Mill. At the time of the accident, Deal was "wetting-down" insulation when he ingested a petroleum product mistakenly piped through a hose.
Deal filed suit against IP, AMIC, and an IP employee, Jim Malson. The defendants filed a motion for summary judgment asserting that IP, as the statutory employer of Deal, was immune from tort liability. The trial court agreed and granted defendants' motion.

DISCUSSION
The function and objective of a summary judgment is to avoid the delay and expense of trial on the merits and enable the court to expedite the disposition of the case when there exists no genuine issues of material fact. Central Bank v. Simmons, 595 So.2d 363 (La.App.2d Cir.1992). However, summary judgment is not to be used as a substitute for a full trial of controverted factual questions which are material to a decision in the case. Reese v. Tayco Food Store, Inc., 602 So.2d 260 (La.App. 2d Cir.1992).
The granting of a motion for summary judgment is appropriate if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Ouachita National Bank v. Palowsky, 570 So.2d 114 (La.App. 2d Cir.1990). Only when reasonable minds must inevitably concur is a summary judgment warranted, and any doubt should be resolved in favor of a trial on the merits as the summary procedure should be used cautiously and sparingly. Id.
The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. Any doubts should be resolved in favor of a trial on the merits. Nolan v. S & W Steel Fabricators, Inc., 600 So.2d 929, 931 (La.App. 2d Cir.1992). Because the mover has the burden of establishing the lack of material factual issues, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Reese v. Tayco Food Store, Inc., 602 So.2d 260, 263 (La.App. 2d Cir.1992).
In the case at bar, Deal contests the ruling of summary judgment in favor of the defendants and questions the effect of Acts 1989, No. 454, amending LSA-R.S. 23:1061, on the existence of a statutory employer/employee relationship.
This court recently addressed this issue in Moore v. Crystal Oil Co., 626 So.2d 792 (La.App. 2d Cir.1993), wherein we concluded that Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), and the factors enunciated therein are no longer the appropriate test for determining whether a statutory employment relationship exists. Rather, the current standard for making such a determination is the "integral relation" test of Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (1950). Moore, 626 So.2d at 796. According to this test, a statutory employer relationship exists when the contract work is an integral part of the trade, business, or occupation of the principal. Thus, the issue for our review is whether the insulation services that were provided by Deal constitute a service that is integral or essential to IP's trade, business or occupation.
IP is in the business of making paper from raw materials. Thomas F. McCarthy, IP's Louisiana Mill Manager, stated in his affidavit that the manufacture of paper requires routine and continuous insulation services in order for the mill to operate safely and in a cost efficient manner.
The contract between IP and Petrin for the supply of insulation services had been in effect for over three years at the time of Deal's accident. According to Larry Mann, IP's Superintendent of Facility Services, the contract required an ongoing activity of insulation, demolition, replacement, asbestos *872 abatement and reinsulation for the preservation of IP's facility. Although IP had the equipment and materials necessary to perform its own insulation work, Mann testified that the company chose to contract a portion of that work to Petrin so as to alleviate the burden of record keeping.
Robert Hall, Petrin's Job Superintendent at the Louisiana Mill, described Petrin's work as routine daily maintenance insulation and asbestos removal. He estimated that the majority of the insulation and replacement work at the Louisiana Mill was performed by Petrin, but acknowledged that IP was equipped for and performed some of the insulation work as well.
Undoubtedly, the insulation work performed by Deal, as an employee of Petrin, was an integral part of IP's trade, business or occupation. Given the undisputed facts contained in the record, the trial court was correct in finding that Deal was the statutory employee of IP.[1]

DECREE
For the foregoing reasons, the trial court judgment is affirmed. All costs are assessed to appellant.
AFFIRMED.
NOTES
[1] Likewise, the trial court was correct in granting the motion for summary judgment as to IP employee Jim Malson. The exclusive remedy provisions of LSA-R.S. 23:1032 specifically extend to officers, directors, stockholders or any employees of statutory employers.