IzEDWARDS, Judge.
The issue in this appeal is whether the trial court erred in granting summary judgment in favor of defendant, Teledyne Movible Offshore, Inc. (Teledyne) and third party defendant, Triple H Industries, Inc. (Triple H), on the basis that Teledyne was the statutory employer of the plaintiff, Thomas G. McNally, and thereby entitled to tort immunity.
Background Facts
In August, 1991, the plaintiff, Mr. Thomas G. McNally (McNally), while employed by Triple H as a mechanic, was assigned to assist in repairs to certain cranes owned by Teledyne and located in Teledyne’s offshore construction and fabrication yard in Amelia, Louisiana. Teledyne’s operations at the Amelia facility consisted of the construction, fabrication and salvage of offshore platforms and jackets. These operations included the removal and salvage of production platforms and jackets from barges for refurbishing or salvage, as well as the loading of offshore jackets and production platforms aboard outgoing barges with the use of cranes. While large cranes mounted on derrick barges were used for loading and offloading the large offshore production jackets and platforms, smaller cranes were used to load and unload smaller items and to move objects around the yard to facilitate in fabrication, construction and salvage work.
In August, 1991, some of Teledyne’s cranes became inoperative and Teledyne’s own mechanics fell behind schedule on the repair work necessary for the cranes’ operations. Teledyne then contracted with Triple H to send some mechanics, including McNally, to assist Teledyne’s mechanics in the repair of the cranes. The record establishes that operable cranes were essential to Teledyne’s operations, and without them, no work could be accomplished at Teledyne’s Amelia facility.
On September 6, 1991, while assisting in the crane repair work, Mr. McNally sustained serious injuries when he fell from the cab of one of Teledyne’s smaller cranes as he was attempting to disembark and retrieve some tools. On May 28, 1992, Mr. McNally Rand his wife, Virginia McNally, filed a tort suit against Teledyne alleging negligence and strict liability in connection with the accident. Teledyne answered the suit and asserted a third party demand against Triple H for defense and indemnity on McNally’s claim. The third party demand was based on a Master Service Contract which had previously been executed by Teledyne and Triple H, and which expressly provided that Triple H was an independent contractor.
Despite its third party demand against Triple H, Teledyne joined with Triple H in filing a motion for summary judgment, seeking dismissal of the plaintiffs’ tort petition on the basis that Teledyne was the statutory employer of McNally, and therefore, McNal- *269 ¾⅛ sole remedy for his injury lies in worker’s compensation benefits. The trial court granted summary judgment in favor of both Teledyne and Triple H, and dismissed the plaintiffs’ petition. The McNallys have appealed.[1]
Applicable Law
The law applicable to summary judgments is clear and well-settled. Summary judgments are appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Likewise clear, yet not well-settled, is the law applicable to determining the statutory employer status which, when found to exist, brings about tort immunity.
LSA-R.S. 23:1061(A) sets out the statutory employer’s liability in workmen’s compensation as follows:
When any person, in this Section referred to as “principal”, undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed Rin the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
(emphasis added). The portion of the statute emphasized above was added by amendment by Act 1989, No. 454 § 3, and became effective January 1, 1990. Prior to this amendment, whether an employer was considered a statutory employer entitled to tort immunity under the statute was determined by employing a three step test enunciated by our Supreme Court in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). In Berry, the court expressly abandoned the “integral relation test” which had been employed since the Supreme Court decision in Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (La.1950), which dictated that a contractor was performing a part of the principal’s trade, business or occupation within the scope of the statute, when the contract work was so closely related thereto as to become an integral part thereof. Berry, supra, 488 So.2d at 937. The court, in Berry, employed a three level analysis which begins with a focus on the scope of the contract work and a determination of whether the contract work is specialized or non-specialized. If the work is determined to be non-specialized, the inquiry shifts to determine if the contract work is a part of the principal’s trade, business or oc- . cupation. Guidelines, suggested by the court, in arriving at this determination include looking at factors such as whether the contract work is routine or customary, whether the principal has the equipment or manpower capable of performing the contract work, and what the practice in the industry is relative to the contract work. Berry, supra, 488 So.2d at 938. |BThe third prong of the Berry test considers whether the principal is engaged in the work at the time of the alleged accident.
*270 The language added by the legislature to the statute in the 1989 amendment specifically and expressly tracks the language employed by the Berry court, but deems such factors irrelevant in determining statutory employer status. The amendment broadens the reach of the statutory employment language, and clearly reflects a legislative intent to return the courts to a stronger standard of tort immunity. See Frith v. American Motorists Insurance Company, 613 So.2d 249, 251 (La.App. 1st Cir.1992), writ denied, 617 So.2d 932 (La.1993); see also Thompson v. Georgia Pacific Corporation, 993 F.2d 1166 (5th Cir.1993); Becker v. Chevron Chemical Company, 983 F.2d 44 (5th Cir.1993); and Salsbury v. Hood Industries, Inc., 982 F.2d 912 (5th Cir.1993).
Accordingly, the proper standard to apply in determining whether an employee is engaged in the “trade, business or occupation” of the principal is whether the work performed by that employee is “integrally related” to the principal’s business. Furthermore, summary judgment is proper only if there is no genuine issue regarding this inquiry. Despite the specific statutory language and the clear legislative intent evident in the 1989 amendment to R.S. 23:1061, there has developed a jurisprudential pattern by the Supreme Court summarily reversing appellate court decisions which upheld the granting of summary judgments in favor of a defendant claiming entitlement to statutory employer status and tort immunity. Picard v. Zeit Exploration Co., Inc., 92-2242 (La.App. 1st Cir. 3/11/94); 636 So.2d 922, writ granted and judgment set aside, 94-1555 (La. 9/30/94); 642 So.2d 862;94199009 Deal v. International Paper Go., 632 So.2d 870, (La.App. 2nd Cir.1994); writ granted and judgment reversed, 94-0677 (La. 4/29/94); 637 So.2d 453; Hanks v. Shell Oil Co., 93-737 (La.App. 5th Cir. 1/25/94); 631 So.2d 1189, writ granted and judgment set aside, 94-0483 (La. 4/4/94); 635 So.2d 1118; Moore v. Crystal Oil Company, 626 So.2d 792 (La.App. 2nd Cir.1993), writ granted and judgment reversed, 93-3103 (La. 2/25/94); 632 So.2d 758. We find little Uguidance in these summary reversals. The law is quite clear, and the integral relation standard employed by the courts pursuant to the legislative directive is, likewise, clear. We, therefore, feel bound to apply it. If there exists no genuine issue regarding whether the work being performed by McNally at the time of his fall from the crane was part of the trade, business or occupation of Teledyne, or if it was so closely related thereto as to become an integral part thereof, then Teledyne is immune from suit by the MeNallys in tort and summary judgment is proper.
Application of Legal Precepts
The depositions submitted in support of the motions for summary judgment filed by Teledyne and Triple H establish that Tel-edyne’s business at its Amelia facility involved the fabrication and salvage of various types of offshore structures. Teledyne’s cranes were absolutely essential to the operations at the Amelia facility; they were used for loading and unloading barges as well as for moving heavy equipment, scrap iron and other materials around the facility. Without operable cranes, Teledyne could not conduct its trade, business or occupation. Clearly, the repair of these cranes is an integral part of Teledyne’s business; there exists no genuine issue as to this material fact. Accordingly, Teledyne was the statutory employer of McNally on the date of the accident, and it is entitled to tort immunity. The trial court’s granting of the motions for summary judgment is hereby affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
PITCHER, J., dissents and assign reasons.

. The trial court ultimately also granted summary judgment in favor of Teledyne and against Triple H on the indemnity issue; however, that issue is the subject of another appeal, 94 CA 1123, also handed down this date.