673 So.2d 316 (1996)
Timothy J. AUTIN, Sr.
v.
UNITED DIESEL, INC.
No. 95 CA 1886.
Court of Appeal of Louisiana, First Circuit.
April 30, 1996.
*317 Denise A. Vinet, Baton Rouge, for Plaintiff-Appellant Timothy J. Autin, Sr.
Robert A. Redwine, New Orleans, for Defendant-Appellee United Diesel, Inc.
Before CARTER and PITCHER, JJ., and CRAIN,[1] J. Pro Tem.
PITCHER, Judge.
Plaintiff, Timothy Autin (Autin), appeals from the grant of a motion for summary judgment in favor of defendant, United Diesel, Inc. (United), sustaining the statutory employer defense. For the reasons assigned below, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Autin was employed by Breaux Petroleum Products, Inc. (Breaux) as a truck driver. Autin's primary duty was to deliver fuel to Breaux's various customers. United is in the business of repairing and rebuilding diesel engines and uses diesel fuel to run a dynamometer, a machine used to test the rebuilt engines. Breaux entered into an open account to provide United with diesel fuel on an "as needed" basis. Approximately twice a month, United would place an order for diesel fuel with Breaux.
On September 24, 1993, Autin was delivering diesel fuel to United. After the tanks were filled, Autin was injured as he climbed down from the tank.
Autin filed suit against United on February 28, 1994, seeking damages in tort for the injuries he sustained while filling United's diesel tank during the course and scope of his employment with Breaux.
Thereafter, Bankers Insurance Company, Breaux's workers' compensation insurer, intervened in this action, seeking reimbursement for all medical and compensation benefits paid to or on behalf of Autin.
*318 United answered Autin's petition and the intervention, denying the allegations contained therein. United also filed a motion for summary judgment, asserting that United, as the statutory employer of Autin, was immune from tort liability.
The trial court subsequently granted United's motion for summary judgment, finding that United could not conduct its business without the fuel in the tank from which Autin was descending when he was injured. The trial court stated that, as a matter of law, the work Autin was doing was so closely related to United's business, that it constituted an integral part of United's business and therefore, United was immune from suit in tort.
From this adverse judgment, Autin has appealed[2], alleging the following assignment of error for our review.

1.
The trial court was clearly wrong in declaring Timothy Autin the statutory employee of United Diesel, Inc. as Autin was a delivery driver who made as needed deliveries of fuel to defendant's premises with no written contract entered into between Autin's employer and United Diesel, Inc.

ASSIGNMENT OF ERROR NUMBER ONE
Autin contends that the trial court erred in granting the motion for summary judgment because there is a genuine issue of material fact in dispute. Specifically, Autin contends that the trial court erred in determining that the occasional refueling of United's diesel tanks by a delivery driver, in the employ of another company, constitutes an integral part of United's trade, business, or occupation.
It is well settled that the granting of summary judgment is proper only when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, establish that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Caballero Planting Co., Inc. v. Hymel, 597 So.2d 35, 37 (La.App. 1st Cir.1992); Insley v. Titan Insurance Company, 589 So.2d 10, 13 (La.App. 1st Cir.1991). The burden is upon the mover for summary judgment to show that no genuine issue as to material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether all material issues have in fact been disposed of, any reasonable doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La. 1989); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, Inc., 615 So.2d 985, 988 (La. App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993).
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991).
When a principal contracts with another to perform work for him that is part of the principal's trade, business, or occupation, the principal is liable to pay workers' compensation benefits to any injured employee of the contractor. LSA-R.S. 23:1061[3]. In exchange *319 for the responsibility placed on the principals, or statutory employers, tort immunity for the work-related injuries suffered by the employees of the employer's contractors and subcontractors are provided to the employers. LSA-R.S. 23:1032[4]. Thus, a finding of statutory employment depends upon a determination that the contract work is considered a part of the principal's trade, business, or occupation.
In the instant case, we believe that genuine issues of material fact exist as to whether the work being performed by Autin, i.e., delivery of fuel, was part of United's trade, business or occupation of rebuilding diesel engines. See Picard v. Zeit Exploration Co., Inc., 92-2242 (La.App. 1st Cir. 3/11/94), 636 So.2d 922, writ granted and judgment set aside, 94-1555 (La. 9/30/94), 642 So.2d 862; Deal v. International Paper Company, 632 So.2d 870 (La.App. 2nd Cir.1994), writ granted and judgment reversed, 94-0677 (La. 4/29/94), 637 So.2d 453; Hanks v. Shell Oil Co., 93-737 (La.App. 5th Cir. 1/25/94), 631 So.2d 1189, writ granted and judgment set aside, 94-0483 (La. 4/4/94), 635 So.2d 1118; Moore v. Crystal Oil Company, 626 So.2d 792 (La.App. 2nd Cir.1993), writ granted and judgment reversed, 93-3103 (La. 2/25/94), 632 So.2d 758. Although United requires diesel fuel to power the dynamometer, it is unclear whether United's engine repair business is based exclusively on the operation of its dynomometer. Therefore, we find that the trial court erred in granting summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting United's motion for summary judgment, is reversed, and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to United Diesel, Inc.
REVERSED AND REMANDED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although Bankers Insurance Company was granted a devolutive appeal, the appeal was dismissed on November 2, 1995, pursuant to a motion filed by Bankers Insurance Company.
[3] LSA-R.S. 23:1061 provides, in pertinent part, as follows:

A. When any person, in this Section referred to as the `principal', undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the `contractor', for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
[4] Prior to its amendment, effective June 17, 1995, LSA-R.S. 23:1032 provided, in pertinent part, as follows:

A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of his injury, or which he had contracted to perform and contracts with any person for the execution thereof.