STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1455

MAC DUNCAN

VERSUS

DOW PIPELINE COMPANY

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, DOCKET NO. 02-65964-G
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese,
Judges.

AFFIRMED.

J. Bryan Jones, III
Post Office Drawer 8841
Lake Charles, Louisiana 70606
(337) 598-2638
COUNSEL FOR PLAINTIFF/APPELLANT:
    Phyllis Duncan on behalf of Mac Duncan, deceased

Ben L. Mayeaux
Jennie P. Pellegrin
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
(337) 237-7000
COUNSEL FOR DEFENDANT/APPELLEE:
    Dow Pipeline Company

**Richard J. Hymel**
**F. Douglas Ortego**
**Preis, Kraft & Roy**
**Post Office Drawer 94-C**
**Lafayette, Louisiana**
**(337) 237-6062**
**COUNSEL FOR INTERVENOR:**
    **Alaska National Insurance Company**

**GENOVESE, Judge.**

Plaintiff, Phyllis Duncan, the surviving spouse of the deceased Plaintiff, Mac Duncan (Duncan),[1] appeals the judgment of the trial court granting summary judgment in favor of Defendant, Dow Pipeline Company (Dow), finding that Dow was the statutory employer of Mac Duncan at the time of his personal injury and dismissing Duncan's suit in tort against Dow. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

In February of 2002, Dow contracted with Cain's Hydrostatic Testing, Inc. (Cain), Duncan's employer, to repair several of its oil pipeline platforms along Dow's Mount Belvieu Pipeline in the Atchafalaya Basin. Repairs to Dow's platforms began soon thereafter. The repairs entailed replacing old floor boards with new, treated lumber on the platforms and the steps leading up to the platforms.

Duncan was a laborer employed directly by Cain. On March 7, 2002, in the process of repairing one of Dow's platforms, Duncan leaned against a handrail and fell backwards when the handrail broke. Duncan reportedly "injured his lower back and suffered a head injury causing some short term memory loss" when he "fell through some handrails on the platform" owned by Dow. Duncan filed suit against Dow in district court, alleging that Dow was negligent for failing to properly maintain the handrails when it either knew or should have known that the handrails were faulty. Duncan has received workers' compensation benefits from his direct employer, Cain. Cain's workers' compensation insurer, Alaska National Insurance Company, has intervened in this matter, asserting subrogation rights for the workers'

---

[1]According to the record, Mac Duncan died of lung cancer on December 28, 2003; thereafter, his wife, Phyllis Duncan, filed a motion to substitute parties in order to enroll as the proper party plaintiff in this matter. Thus, to avoid confusion, this court will continue to refer to the sole remaining plaintiff/appellant in this matter, Phyllis Duncan, as "Duncan."

1

compensation benefits it has paid on Duncan's claims.

Dow answered Duncan's petition raising the affirmative defense that it was Duncan's statutory employer. Dow subsequently filed a motion for summary judgment on the basis that there are no genuine issues of material fact as to its immunity from tort liability pursuant to Louisiana's statutory employer doctrine as stated in its written contract with Cain.

Duncan opposed Dow's motion, asserting that summary judgment was not proper; specifically, Duncan argued that genuine issues of material fact exist relative to whether a statutory employer/employee relationship existed between Dow and Duncan. First, Duncan asserted that the contract between Dow and Cain contained both a statutory employer provision and an independent contractor provision. According to Duncan, such a conflict and contradiction in the contract should have been construed against Dow and should have then inured to the benefit of Duncan, thereby disallowing statutory employer status to Dow, and allowing Duncan to proceed in tort. Second, Duncan argued that Cain's employees performed work not considered a part of Dow's trade, business, or occupation as required by La.R.S. 23:1061; thus, without a valid contract binding Dow and Duncan to a statutory employer-employee relationship, Duncan is not limited to the exclusive remedy provisions of Louisiana's Workers' Compensation Act.

The trial court issued written reasons for judgment granting Dow's motion for summary judgment, finding that the contractual language relative to a statutory employer-employee relationship was valid and that the work performed by Duncan was an integral part of Dow's business as defined by the jurisprudence. Thereafter, the trial court signed a judgment dismissing Duncan's tort claim against Dow, thereby

2

limiting his recovery to workers' compensation benefits. Duncan appeals.

## ISSUE

In Duncan's brief to this court, the sole issue presented is "[whether] the trial court err[ed] by holding that Dow Pipeline Company was the statutory employer of Mac Duncan when the contract entered into between Dow Pipeline Company and Mac Duncan's direct employer, Cain's Hydrostatic Testing, contained independent contractor language which contradicted the statutory language of the contract[.]"

## STANDARD OF REVIEW

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

Louisiana Code of Civil Procedure Article 966 charges the moving party with the burden of proving that summary judgment is appropriate. However, when the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden on the motion does not require him to negate all of the essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. *See* La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support to convince the court that he can carry his burden of proof at trial,

3

there is no genuine issue of material fact and granting of the motion is mandated. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606; *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

The threshold question in reviewing a trial court's granting of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. Thereafter, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

"Facts are material if they determine the outcome of the legal dispute." *Soileau v. D & J Tire, Inc.*, 97-318, p. 3 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, 821, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id.*

## DISCUSSION

According to La.R.S. 23:1032(A)(1)(a), the rights and remedies granted to an employee under Louisiana's Workers' Compensation Act are exclusive to all other rights, remedies, and claims for damages, except for intentional acts, against any principal. Principal is defined "as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any

4

person for the execution thereof." La.R.S. 23:1032(A)(2). Louisiana Revised Statutes 23:1061 provides, in pertinent part:

[W]hen any "principal" . . . undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of [La.] R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

5

In this matter, Dow included and introduced into evidence, with its motion for summary judgment, five exhibits: (1) the affidavit of Paul Russo, the Activity Leader for Dow; (2) the affidavit of Beverly Bruno-James, the Administrative Specialist for Dow; (3) the purchase order/contract between Dow and Cain; (4) excerpts of Mac Duncan's deposition testimony; and (5) a copy of Duncan's petition for damages against Dow. The relevant provision of the contract at issue herein provides:

STATUTORY EMPLOYEE
DOW (AS PRINCIPAL EMPLOYER) AND THE
CONTRACTOR (AS DIRECT EMPLOYER) MUTUALLY
AGREE THAT IT IS THEIR INTENTION TO
RECOGNIZE DOW AS THE STATUTORY EMPLOYER
OF THE CONTRACTOR'S EMPLOYEES, WHETHER
DIRECT EMPLOYEES OR STATUTORY EMPLOYEES

In response to Dow's motion and exhibits, Duncan submitted no evidence showing the existence of specific facts which would establish a genuine issue of material fact, only argument. In her brief, Duncan argues a purported contractual provision that is not found in the note of evidence in the record of this summary judgment proceeding; therefore, we find Duncan's assertions to be purely speculative and without merit for lack of both testamentary or evidentiary support. Duncan contends that the trial court erred because it did not consider the independent contractor language found in the contract entered into by Dow and Cain. However, we find that there was no such contractual provision properly introduced into the record of these proceedings; therefore, there is no independent contractor provision before this court for us to review on appeal.

The written contract between Dow and Cain clearly establishes a statutory relationship whereby Dow is the statutory employer of Cain's employees. Pursuant to La.R.S. 23:1061(A)(3), once it is found that a written contract creates a statutory employer relationship, there is a rebuttable presumption which can only be overcome

6

by Duncan proving that the work he was performing at the time he sustained his injuries was not an integral part of or essential to Dow's ability to generate its goods, products, or services. Again, we find the record devoid of competent evidence of Duncan overcoming this presumption.

Our review of the record reveals that the trial court relied upon Dow's affidavit of Paul Russo and the holding in *Becker v. Chevron Chemical Company*, 983 F.2d 44 (5th Cir. 1993), to support its finding that the work Duncan was performing at the time he sustained his injuries was an integral part of Dow's business under La.R.S. 23:1061(A)(3). In *Becker*, the Fifth Circuit held that the replacement of overhead walkways, which were used daily at Chevron's storage facility to access hatches above storage tanks, was an integral part of Chevron's business, such that Chevron was the statutory employer of the contractor's employees who were hired to replace said walkways, regardless of whether the job might be considered extraordinary construction work.

In its written reasons for judgment in the case *sub judice*, the trial court concluded:

> Duncan removed old deck boards and sills from Dow's platform and replac[ed] them with treated lumber. Dow's "trade, business or work" is manufacturing various chemicals. Dows uses pipelines to transport chemicals for use in its manufacturing process. Valves used to monitor safe operation of the pipelines are designated at different intervals of the pipeline. The platform repaired by Mac Duncan is necessity [sic] for Dow's safe operation. Dow's technicians require access to safety valves to monitor the pipelines for leaks and/or malfunctions and perform maintenance and repair work. See Affidavit of Paul Russo dated August 3, 2005.
> This court finds the reasoning in Becker[] appropriate and applicable to this case. The "work" perform[ed] by Duncan (repairing the entire flooring of the platform and replacing it with treated wood and floor joists, creating a safer platform) is an integral part of Dow's

7

business under L[a].R.S. 23:1061. Dow's ability to operate and maintain safe pipelines is essential to its smooth and continued business of manufacturing oil products.

(Footnote omitted.)

Thus, considering the evidence properly before this court, we find that summary judgment was appropriately granted by the trial court. The record clearly indicates the existence of a contractual statutory employer relationship between Duncan and Dow, which Duncan failed to overcome. There are no genuine issues of material fact and Dow is entitled to summary judgment as a matter of law pursuant to the mandates of La.Code Civ.P. art. 966; hence, Duncan's sole remedy lies in workers' compensation.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Dow is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Phyllis Duncan on behalf of Mac Duncan, deceased.

**AFFIRMED.**